**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EDGAR EUGENE KARL and | ) | Case No. 03-45229-JWV |
| MARION PATRICIA KARL, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| CHARLES E. RENDLEN, III, | ) | |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding No. 04-5029 |
| | ) | |
| EDGAR EUGENE KARL and | ) | |
| MARION PATRICIA KARL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the motion for partial summary judgment filed by the Plaintiff, Charles E. Rendlen, III, United States Trustee ("UST"). Specifically, the UST seeks summary judgment on Count I of the complaint, which count objects to the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(6)(A). Section 727(a)(6)(A) provides for a denial of discharge upon a finding that a debtor has refused to obey a lawful order of the court, and the UST contends that the Court's August 5, 2004 order in the main case holding the Debtors in civil contempt for failing to comply with the Court's order for the recovery and surrender of a Ford Truck to the Chapter 7 trustee establishes all of the elements necessary for a denial of discharge under that provision. Therefore, the UST argues, the doctrine of issue preclusion warrants judgment as a matter of law in this proceeding. The Court agrees.

**I. STANDARD OF REVIEW**

Summary judgment is appropriate when the matters presented to the Court "show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed. 2d 265 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161, 90 S. Ct. 1598, 1611, 26 L. Ed. 2d 142 (1970). The doctrine of issue preclusion prevents a party from disputing or re-litigating facts which are: (1) the same as those involved in prior litigation; (2) actually litigated in the prior action; (3) determined by a valid and final judgment; and (4) essential to the prior judgment. *Fink v. Graven* (*In re Graven*), 138 B.R. 587, 588-89 (Bankr. W.D. Mo. 1992), *aff'd* 64 F.3d 453 (8th Cir. 1995).

## I. BACKGROUND

The findings of fact contained in the Court's August 5, 2004 Memorandum Opinion are pertinent, and (as discussed below) binding in this proceeding. Therefore, the Court incorporates those findings here and limits its recitation of the facts to a short summary.

On November 25, 2003, the Chapter 7 trustee ("Trustee") assigned to the Debtors' bankruptcy case filed a motion requesting the entry of an order compelling the Debtors to recover and turn over to the Trustee a 1997 Ford pickup truck. The Court entered an order ("Turnover Order") granting the Trustee's motion to compel on December 3, 2003. The Debtors did not comply with the Turnover Order, but, instead, concocted several versions of a story, according to which a nephew took the truck to Massachusetts and could not be contacted or persuaded (depending on the version) to bring the truck back. On January 30, 2004, the Court issued an order to show cause why the Debtors had not complied with the Turnover Order, but the Debtors did not respond. On May 27, 2004, the Court issued an order to show cause why the Debtors should not be held in contempt for failing to comply with the Turnover Order, and a hearing was scheduled for July 20, 2004. The Debtors did not appear at that show cause hearing, and their attorney (who did show up) could not offer any explanation for their absence or actions. On August 2, 2004, the Court entered a memorandum opinion and an order (collectively "Contempt Order") specifically finding that the Debtors had failed to comply with the Turnover Order and sanctioning the Debtors for their conduct. The Debtors did not appeal the Contempt Order.

## II. DISCUSSION

Count I of the UST's complaint objects to the Debtors' discharge under 11 U.S.C. § 727(a)(6)(A), which provides that a debtor's discharge shall be denied when the debtor "has refused...to obey any lawful order of the court, other than an order to respond to a material question or to testify." In the Western District of Missouri, an action brought under § 727(a)(6)(A) is considered to be substantively the same as an action for civil contempt. *United States v. Richardson* (*In re Richardson*), 85 B.R. 1008, 1010-11 (Bankr. W.D. Mo. 1998). "A debtor will be denied a discharge if he has refused in the case to obey any lawful order of the court ... (Thus), (c)ontempt of court, provided the order ignored was lawful, provides a basis for an objection to discharge." *Id.* at 1011 (quoting 4 *Collier on Bankruptcy* ¶ 727.09(2) (Lawrence P. King et al. eds., 15th ed. 2004)).
Therefore, the Trustee will prevail under § 727(a)(6)(A) if the undisputed facts show that Debtors failed to obey an order of the court - the Court stands by the lawfulness of its orders.

Under the doctrine of issue preclusion, which we hold to be applicable in this case, the fact that the Debtors failed to obey an order of the Court is beyond "undisputed" – the Debtors cannot dispute it. Issue preclusion applies to the Contempt Order because: (1) the issues are exactly the same as those decided by the Contempt Order – only the remedy differs; (2) the matter was actually litigated inasmuch as the parties had a full and fair opportunity to litigate the issues and the Court squarely decided the matter;[1] (3) the Debtors forwent their rights to appeal, so the Contempt Order is final; and (4) as the central issue in the case, the Debtors' failure to obey an order of the court was clearly essential to the Contempt Order.

The Debtors' contention that issue preclusion is not applicable here because the order finding that the Debtors failed to obey the Court's order was entered by "default" is without merit. The court recognizes that under some circumstances a default judgment will not have preclusive effect. *See In re Graham*, 272 B.R. 705, 709 (Bankr. E.D. Mo. 2002); *but see, Glass v. Cagle*, (*In re Cagle*) 253 B.R. 437, 439-440 (Bankr. E.D. Ark. 2000) (holding that for preclusion purposes "a judgment by default is just as binding and enforceable as judgment entered after a trial on the merits."). But the Contempt Order is

---

[1] *See Rally Hill Productions, Inc. v. Bursack* (*In re Bursack*), 163 B.R. 302, 306 (Bankr. M.D. Tenn. 1994).

not a typical default judgment, and the Debtors' failure to respond or to appear will not be treated the same as a defendant's failure to appear in a state-court lawsuit.

First of all, as the Trustee correctly points out, the Debtors had not one - but three - chances to present an explanation of their failure to obey the Court's Turnover Order. Consequently, the Debtors' protestations now that they deserve a full hearing on the same issue ring hollow and are unavailing. *See Williamson v. Guentzel*, 584 N.W.2d 20, 23-24 (Minn. Ct. App. 1998) (holding that issue claims are not judged "by measuring the manner in which each party conducted litigation, but rather according to the opportunity to address an issue.") .

Second, the Court views the Debtors' failure to appear at hearings conducted by this Court differently than a party's failure to defend himself in a state-court lawsuit – for the primary reason that the Debtors voluntarily availed themselves of this forum. The protections and benefits of bankruptcy come with a small, but essential, price - the fulfilment of the obligations and requirements placed upon debtors by the Bankruptcy Code and the Bankruptcy Court. Needless to say, those obligations include attending hearings and obeying court orders. The failure to honor those obligations does not (usually) result in a money judgment or incarceration, but merely the denial of the benefits of bankruptcy. Accordingly, for purposes of an adversary proceeding commenced in the bankruptcy court, the weight given to a judgment rendered in the associated main case as a result of a debtor's failure to appear at a hearing is greater than might be accorded to a state-court, default judgment. Therefore, the Contempt Order will be given preclusive effect despite the Debtors' failure to appear at the show cause hearing(s).

Finally, the Court briefly dispatches Debtors' argument that the Debtors have already been "punished" for their recalcitrance by deducting the value of the truck from their exemptions, and that no further punishment is warranted. Here again, the Debtors fail to grasp the fundamental bargain that is Chapter 7 bankruptcy - in exchange for fulfilling a debtor's statutory duties, which include surrendering all non-exempt assets and obeying court orders, a debtor receives immediate relief from creditors and permanent relief from his or her debts. The equation is not complex. So if the Debtors, who initiated this process voluntarily, cannot fulfill their side of the bankruptcy bargain, they are not entitled to its benefits.

### III. CONCLUSION

For the reasons discussed above, it is appropriate to ascribe preclusive effect to the Contempt Order with regard to the UST's § 727(a)(6)(A) objection to the Debtors' discharge. Accordingly, the

Court will grant summary judgment on Count I of the UST's complaint and will deny the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(6)(A).

This opinion constitutes the Court's findings of fact and conclusions of law and is a final judgment. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

**ENTERED** this 17th day of November, 2004.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
electronically or conventionally to:
Charles E. Rendlen, III, United States Trustee
Jay T. Grodsky